IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| CHARLES HATCH, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:06-cv-07 WDS |
| | ) | |
| DOUGLAS A. CRAVENS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATIONS

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by Senior United States District Judge William D. Stiehl pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for management of pretrial matters. For the reasons set forth below, it is **RECOMMENDED** that the case be **DISMISSED** for Plaintiff's failure to prosecute, that **JUDGMENT** be entered in favor of Defendants, and that the Court adopt the following findings of fact and conclusions of law:

### FINDINGS OF FACT

The Plaintiff filed this lawsuit on January 4, 2006, while he was incarcerated at the Lawrence Correctional Center in Sumner, Illinois, claiming that Defendants had deprived him of his constitutional rights in violation of 42 U.S.C. § 1983. On June 6, 2006, Plaintiff filed a motion for order to show cause, asking that the initial partial filing fee levied against him be waived due to his inability to pay it (Doc. 6).

The Court completed its threshold review of the action on August 3, 2007, finding that Plaintiff stated some claims against some Defendants, dismissing other claims and Defendants, and referring the matter to the undersigned United States Magistrate Judge (Doc. 8). The referring order informed Plaintiff that he "is under a continuing obligation to keep the Clerk and each opposing party informed

of any change in his whereabouts." Plaintiff was further informed that notification of any change "shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs" (Doc. 8, p. 14).

On October 17, 2007, the Court granted Defendants Grubman, Niepert, Pelker, Robertson, and Veath's Motion for Extension of Time to Answer the Complaint (Doc. 19). Notification of this order was sent to Plaintiff on October 19, 2007. The Court assumes Plaintiff received the notification, as it was not returned to the Court.

On October 15, 2007, Defendant Michael Williams filed a Motion to Dismiss (Doc. 17); on November 15, 2007, Defendants Robertson, Grubman, and Veath filed a Motion for Summary Judgment (Doc. 21); and on November 26, 2007, Defendant Dr. Val filed a Motion to Dismiss (Doc. 24). Plaintiff did not respond to any of these motions.

On July 30, 2008, the Court scheduled a video hearing in the matter for September 17, 2008, to take up the issue of exhaustion of administrative remedies (Doc. 27). The Court entered an order directing the Warden of the Lawrence Correctional Center to arrange to have Plaintiff available for a video conference on September 17, 2008 (Doc. 28), and issued a video writ for Plaintiff to appear at the hearing (Doc. 29). Each of these documents was sent to Plaintiff at the address listed at Lawrence Correctional Center. All documents were returned as undeliverable and stamped with the indicia, "attempted--not known; unable to forward" (Doc. 30).

On August 12, 2008, the Court entered an Order to Show Cause (Doc. 31), ordering Plaintiff to show cause in writing by September 3, 2008, why the case should not be dismissed for his failure to prosecute the matter. The Court gave Plaintiff explicit notice that failing to respond to the order would result in a recommendation to the District Court that the action be dismissed with prejudice. On August 13, 2008, the Clerk of Court mailed this order to Plaintiff at the address listed in the docket.

**CONCLUSIONS OF LAW**

Federal Rule of Civil Procedure 41(b) provides that a court may dismiss an action for failure to prosecute and for failure to comply with court orders. The Seventh Circuit has recognized a district court's "inherent authority to dismiss an action *sua sponte* for want of prosecution" as an aspect of the court's power to control its docket "to achieve the orderly and expeditious disposition of cases." Matter of Bluestein & Co., 68 F.3d 1022, 1025 (7th Cir. 1995) (quoting Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962)); see also Daniels v. Brennan, 887 F.2d 783, 785 (7th Cir. 1989). Dismissal pursuant to Rule 41(b) is limited, however, to cases where "there is a clear record of delay or contumacious behavior." Daniels, 887 F.2d at 785 (quoting 3 Penny Theater Corp. v. Plitt Theatres, Inc., 812 F.2d 337, 339 (7th Cir. 1987)).

Plaintiff here was initially notified of his obligation to keep the Court informed of any changes to his address in August 2007. Plaintiff did not respond to any of the three dispositive motions filed in October and November 2007. The July 30 orders sent to Plaintiff regarding the hearing scheduled for September 17, 2008, were all returned as undeliverable and stamped with the indicia, "attempted--not known; unable to forward" (Doc. 30). The Court notes that it has received no correspondence from the Plaintiff since his motion asking that the Court waive the initial partial filing fee filed in June 2006. Finally, Plaintiff did not respond to the Court's Order to Show Cause despite the specific warning that his case was in jeopardy of dismissal if he did not do so. He has, therefore, offered no excuse for the failure to prosecute the action.

Based on these facts, the Court finds that Plaintiff has failed to timely prosecute this matter. Plaintiff did not meet the court-ordered obligation to inform the Court within seven days of any change of address, he did he answer to the explicit warning that his failure to respond would result in dismissal of the case, and he has not directed any correspondence to the Court in this case in

over two years. The Court concludes, therefore, that Plaintiff has abandoned this lawsuit. Accordingly, the undersigned **RECOMMENDS** that the action be **DISMISSED** pursuant to Fed. R. Civ. P. 41(b).

### THE HEARING ON EXHAUSTION OF ADMINISTRATIVE REMEDIES

The Court has scheduled a video hearing on the question of exhaustion of administrative remedies under the Prison Litigation Reform Act (Doc. 27). In light of Plaintiff's failure to respond to the Order to Show Cause (Doc. 32), the hearing set for September 17, 2008, is hereby **CANCELED**.

### CONCLUSION

Therefore, for the reasons set forth above it is **RECOMMENDED** that the action be **DISMISSED**, that the Court enter **JUDGMENT** in favor of Defendants, and that the Court adopt the foregoing findings of fact and conclusions of law.

The Clerk of Court is **DIRECTED** to mail this Report and Recommendation to Plaintiff at the address listed in the docket.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have ten (10) days after service of this Recommendation to file written objections thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. Snyder v. Nolen, 380 F.3d 279, 284 (7th Cir. 2004); United States v. Hernandez-Rivas, 348 F.3d 595, 598 (7th Cir. 2003).

**IT IS SO ORDERED.**

**DATED: September 4, 2008**

                                               s/ *Donald G. Wilkerson*
                                               **DONALD G. WILKERSON**
                                               **United States Magistrate Judge**